646.666.8908 | 16 COURT STREET 33RD FL, BROOKLYN, NY 11241
INFO@CAGOLDBERGLAW.COM  |  WWW.CAGOLDBERGLAW.COM

April 9, 2025

*Via ECF*

The Honorable Robert M. Levy
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Doe v. N.Y.C. Dep't of Educ.,** *et al.***, No. 22 CV 7773 (OEM)(RML)**

Dear Magistrate Judge Levy:

    I am an attorney at the law firm of C.A. Goldberg, PLLC, counsel for the plaintiff, Jane Doe in the above-referenced action. I write to you in reply to the opposition letter filed by Defendant New York City Department of Education (DOE), Chancellor Melissa Aviles-Ramos, and the City of New York (collectively "DOE Defendants") (ECF No. 48).

    Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The standard for granting leave to amend is broad and inclusive. *Id*. It has long been held that the only proper grounds on which to deny leave to amend are upon a showing of bad faith, undue delay, futility, or prejudice to the non-moving party. *Id*; *Lorley Financing (Jersey) No. 3 Ltd. V. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

    In opposing Plaintiff's motion for Leave to Amend (ECF No. 45), DOE Defendants raise two separate arguments: that DOE is prejudiced by a delay in Plaintiff's amendment, and that the newly pled facts are not newly discovered. I address both arguments in turn.

    **A. Claimed Prejudice.**

    A proposed amended complaint does not prejudice the defendant if granting leave to amend does not require the defendant to expend significant additional resources to conduct discovery and prepare for trial. *Moroughan v. Cnty. Of Suffolk*, 99 F. Supp. 3d 317, 324-5 (E.D.N.Y. 2015). The case *sub judice* remains in the early stages of litigation and zero discovery has yet been exchanged. That means zero resources have been expended to conduct discovery or prepare for trial.



1

646.666.8908 | 16 COURT STREET 33RD FL, BROOKLYN, NY 11241
INFO@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

Nonetheless, DOE Defendants claim that they will be prejudiced if Plaintiff is permitted to Amend her complaint at this stage, simply because the City has expended some limited resources in litigating its motion to dismiss (ECF Nos. 30 & 31), which was granted in part (ECF No. 37), prompting the instant motion for leave to amend. However, litigating a single pre-answer motion to dismiss simply does not rise to the level of significant resource expenditure contemplated by Rule 15 and relevant case law. Rather, "[u]ndue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (*quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir.1981)*. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Id.*

As this case is in the early stages of litigation, the broad and inclusive standard for granting leave counsels in favor of permitting Plaintiff's proposed amendment.

B. **Newly Pled Examples of DOE's Victim Transfer Policy**

DOE next argues that Plaintiff's newly pled facts, which significantly flesh-out Plaintiff's allegations of a "Victim Transfer Policy," are not "newly discovered." It is unclear if DOE's argument here is aimed at a claim of bad faith or a merely second swing at undue prejudice. Regardless, as discussed *supra*, mere delay does not amount to undue prejudice. *See, Id.* Nor does Plaintiff's previous failure to plead these significantly detailed and exacting accounts of the Victim Transfer Policy amount to bad faith. Indeed, Plaintiff alleged in the Complaint that the DOE had a policy of attempting to transfer victims of sexual assault rather than hold offenders accountable; it follows that Plaintiff knew at least that the DOE had done this to other victims, exactly as Plaintiff had alleged. However, Plaintiff-counsel's failure to discover and plead the more in-depth details of these other exemplar cases earlier demonstrates not bad-faith but rather the sincere belief that she had adequately pled sufficient facts to demonstrate *Monell* liability while also sparing these other individual victims from potentially being drawn into this case as third-party witnesses.

As the proposed Amended Complaint clearly demonstrates, these additional exemplars of the DOE's Victim Transfer Policy are their own harrowing accounts of abuse and neglect, all of which the DOE itself was already necessarily aware of. Any allusion to the idea that Plaintiff intentionally failed to plead these facts previously in order to gain a strategic advantage simply holds no water.

At this pre-discovery stage, DOE is in exclusive control of the extent to which its Victim Transfer Policy is inequitably administered. This asymmetry of information puts Plaintiff in a



2

646.666.8908 | 16 COURT STREET 33RD FL, BROOKLYN, NY 11241
INFO@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

disadvantageous position to provide more examples of DOE's violative policy.

      In summation, absent a showing of bad faith or undue prejudice—of which there clearly is none—Defendant DOE simply does not present a valid basis for this honorable Court to deny Plaintiff the right to amend her complaint. As such, this Court should apply the broad and inclusive standard that leave to amend should be freely given. In the alternative, this Court should authorize limited discovery into DOE's victim transfer policy and the administration thereof.

Respectfully Submitted,

John Aaron Stark
Partner
C.A. Goldberg, PLLC

Carrie Goldberg
Founding Partner
C.A. Goldberg, PLLC

CC: *Via ECF*
All Counsel of Record



3