UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JANE DOE,

                Plaintiff,        Case No.: 1:22-cv-07773 (OEM-RML)

  -against-

NEW YORK DEPARTMENT OF EDUCATION, the CITY OF NEW YORK, and CHANCELLOR DAVID C. BANKS in his official capacity, and ALEX TRIPODI,

                Defendants.

---

### PLAINTIFF'S BRIEF IN OPPOSITION TO CITY OF NEW YORK DEFENDANTS' MOTION TO DISMISS

---

Dated: September 8, 2025
Brooklyn, NY

                                **C. A. Goldberg PLLC**
                                *Attorneys for Plaintiff JANE DOE*

                                John Aaron Stark, esq.
                                16 Court Street, 33rd Floor
                                Brooklyn, NY 11241
                                Phone: 646-666-8908

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 1

PROCEDURAL HISTORY ........................................................................................................ 1

LEGAL STANDARD ................................................................................................................ 2

ARGUMENT .............................................................................................................................. 2

    I.    Jane Doe sufficiently pleaded unlawful policy or custom pursuant to Monell. ....................... 3

    II.   Plaintiff Does Not Contest Defendant's Point II. ...................................................................... 8

CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Agosto v. New York City Dep't of Educ.*,

    982 F.3d 86 (2d Cir. 2020) .................................................................................................. 9

*Ashcroft v. Iqbal*,

    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ................................................ 7, 12

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................ 7, 12, 13

*Fitzgerald v. Barnstable School Committee*,

    129 S. Ct. 788, 172 L. Ed. 2d 582 ...................................................................................... 8

*Gamm v. Sanderson Farms, Inc.*,

    944 F.3d 455 (2d Cir. 2019) ................................................................................................ 7

*Giaccio v. City of New York*,

    308 F. App'x 470 (2d Cir. 2009) ...................................................................................... 10

*Harris v. City of Newburgh*,

    No. 16-CV-2731 (KMK), 2017 WL 4334141, (S.D.N.Y. Sept. 7, 2017) ......................... 12

*Joseph v. Doe*,

    16-CV-2004 (PKC)(LB), 2017 U.S. Dist. LEXIS 155426, (E.D.N.Y. Sept. 22, 2017) ................ 11

*Monell v. Department of Social Services*,

    436 U.S. 658 ............................................................................................................... passim

*Perkins v. City of Rochester*,

    641 F. Supp. 2d 168 (W.D.N.Y. 2009) .............................................................................. 9

*Vassallo v. Lando*,

    591 F. Supp. 2d 172 (E.D. N.Y. 2008) ............................................................................... 9

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................... passim

Federal Rules of Civil Procedure 12 ....................................................................................... 7

*U.S. Const. Amend*. 14 ........................................................................................................... 8

# PRELIMINARY STATEMENT

Plaintiff Jane Doe ("Plaintiff"), by her attorneys, C.A. Goldberg PLLC, hereby opposes the Motion to Dismiss submitted by Defendants the City of New York, Chancellor David C. Banks, and the New York City Department of Education (collectively "Defendants" or "NYCDOE").

This lawsuit is about the wealthiest school district in the country and its institutional failures to protect female students who experience sexual violence at the hands of other students. Instead of securing the safety of these vulnerable young women, the New York City Department of Education and its Chancellor turns a blind eye, callously instituting policies that amplify harm by placing the burden on female victims of sexual violence to keep themselves safe, forcing them to choose between their school and all its benefits, and their personal safety. This systemic deliberate indifference causes educational deprivations in violation of, *inter alia*, *Title IX* and the U.S. Constitution Fourteenth Amendment which guarantee equal protection under the law. Plaintiff Jane Doe is just one victim of many, as demonstrated thoroughly by the additional facts pled in the First Amended Complaint. Before the Court in the motion *sub judice* is Plaintiffs claims under theories of liability established by *Monell*.

# STATEMENT OF FACTS

The facts of this case are detailed in Plaintiff Jane Doe's First Amended Complaint (herein "FAC") *See* Stark Declaration ("Stark Dec."), Exhibit A. The contents of the FAC are sufficient to overcome Defendants' Motion to Dismiss (herein "Def. MTD") and are incorporated by reference and citation herein.

# PROCEDURAL HISTORY

Plaintiff Accepts and hereby adopts Defendant DOE's recitation of the Procedural History outlined in its MTD.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Determining whether a complaint states a plausible claim is context specific, requiring the court to draw on its experience and common sense. *Id*. at 663-664. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). When making its determination on a motion to dismiss pursuant to FRCP 12(b)(6), the trial court "accepts as true all well-pleaded factual allegations in the complaint, [and] draws all reasonable inferences in favor of the nonmoving party." *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019). A complaint is deficient if it does not contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the alleged violation. *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955. A plaintiff need not show that ultimate success on the merits is probable in order to withstand a motion to dismiss. *Id.*

## ARGUMENT

To the extent that Defendant NYCDOE seeks to re-litigate Plaintiff's Title IX claims, which have already been decided by this Court, Plaintiff hereby incorporates her arguments in her earlier memorandum of law in opposition to DOE defendant's motion to dimiss, and this Court's rulings thereon in ECF No. 37.

To the extent the NYCDOE properly challenges Plaintiff's claims under *Monell* liability in the Amended Complaint, we address those arguments herein to demonstrate that Jane Doe has indeed sufficiently plead her § 1983 *Monell* claim.

In her original Complaint, Plaintiff alleged that "Dean Clarke stated that there was nothing Brooklyn Tech school leaders could do to protect JANE DOE, and that the only option for keeping her safe, per NYC DOE policy, was for JANE DOE to transfer to a different school (described throughout as 'the Victim Transfer Policy')." Compl. ¶ 73. This Court found that "[t]his passing reference to 'NYC DOE policy' is not clear and particularized enough on its own to adequately plead the existence of an unwritten 'victim transfer policy.'" ORDER (ECF 37 at 12). Plaintiff also alleged that "Since 2016, the NYCDOE was the subject of multiple lawsuits and federal investigations into discrimination and retaliation against girls who reported sexual violence by another classmate during school. Yet the NYCDOE has created no new safeguards to protect child victims of student-on-student sexual violence." This Court found that "Plaintiff's allegations concerning other lawsuits are insufficiently specific and substantial to adequately plead a municipal policy." ORDER (ECF 37 at 12). Subsequently, Plaintiff sought, and was granted, leave to amend her complaint in order to plead new substantial and specific facts that establish a policy or custom as necessary under *Monell*.

I. **Jane Doe sufficiently pleaded unlawful policy or custom pursuant to *Monell*.**

A plaintiff claiming a §1983 violation of the Equal Protection Clause[1] by a school district must show that the violation of a federally protected right was the result of a municipal custom, policy, or practice. *U.S. Const. Amend.* 14; 42 U.S.C. § 1983; *Monell v. Department of Social Services*, 436 U.S. 658; *Fitzgerald v. Barnstable School Committee*, 129 S. Ct. 788, 172 L. Ed. 2d

---

[1] Plaintiff has alleged constitutional violations for deprivations of Due Process *and* of Equal Protection under the Fourteenth Amendment. Defendant DOE argues—in a footnote—that Plaintiff's *Monell* claims are limited to Due Process theories and exclusive of Equal Protection, citing the FAC at ¶119 implying that Plaintiff's specific invocation of the Due Process Clause of the Fourteenth Amendment somehow excludes the Equal Protection Clause despite Plaintiff's clear allegations that DOE's policies "disparately impact her based on her sex[]" (FAC ¶ 119), that DOE "failed to implement procedures and policies that protect access to education afforded to female students" (FAC ¶ 121) and that DOE's policies "directly harm female students…" (FAC ¶ 123).

582. The municipal policy or custom need not be memorialized in a specific rule or regulation for *Monell* liability under § 1983. *Vassallo v. Lando*, 591 F. Supp. 2d 172 (E.D. N.Y. 2008). A policy, custom, or practice of the municipal entity may be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the Constitutional rights of those within its jurisdiction. *Id.* at 202. Indeed, a Plaintiff may satisfy her burden under *Monell* by showing, for example, that the unconstitutional practice of a subordinate employee was so manifest as to imply the constructive acquiescence of senior policy-making officials. *Perkins v. City of Rochester*, 641 F. Supp. 2d 168 at 5 (W.D.N.Y. 2009). In New York City public schools, the Chancellor is responsible for policies that have a city-wide impact. *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 98-99 (2d Cir. 2020).

The FAC provides substantial facts demonstrating that, as a matter of practice and policy, when a female student is assaulted by a male student (or students) and feels unsafe, she is forced to choose between either continuing to face her abuser or transferring to a different school—a policy referred to by Plaintiff as the "victim transfer policy."

The NYCDOE's victim transfer policy violates a "federally protected right" in that it requires female victims of sexual violence (like Jane Doe) to choose between two forms of educational deprivation: either stay in the same school as your classmate-abuser and live in constant fear of encountering him, or transfer to an unfamiliar school without your known learning environment and community. FAC ¶ 82. Indeed, when Jane Doe's parents notified Brooklyn Tech that Jane Doe was experiencing significant distress due to her reasonable fear of encountering her abuser, the student dean stated that the only solution he could offer, as a matter of NYCDOE policy, was for Jane Doe to voluntarily transfer to a different school. FAC ¶ 78. This statement by Dean Clarke is *not* an in-passing statement to be analyzed in a vacuum, but rather a verbal confirmation by a Brooklyn Tech dean of the NYCDOE-wide policy demonstrated by the newly pled facts in paragraphs 8—11 of the FAC. *See* FAC ¶¶ 8—11.

Defendant NYCDOE argues that these additional facts do not make Plaintiff's § 1983 claims "any more viable than those dismissed from her first Complaint." (MTD at 9.) In support of this argument, NYCDOE cherry-picks quotes from Second Circuit cases that sound helpful but whose facts and underlying circumstances are completely divorced from the realities of the case *sub judice*. First, NYCDOE cites *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009). In *Giaccio*, the Second Circuit, reviewing a ruling on a summary judgement motion, specifically found that "[plaintiff] identifies, at most, only four examples where the defendants might have disclosed positive drug test results. This evidence falls far short of establishing a practice that is 'so persistent or widespread' as to justify the imposition of municipal liability." 308 F. App'x 470, 471–72 (2d Cir. 2009). Yet, an examination of the record in that case reveals that the plaintiff Giaccio claimed *1983* liability alleging a City policy of publicly disclosing DOT employee's positive drug-test results; and, to support this claim, Giaccio merely presented the affidavit of a co-worker stating that *his* drug test results and some others that *he* knew "were common knowledge at the Bay Street DOT facility." Brief and Special Appendix for Plaintiff-Appellant, p. 24, 2008 WL 6109749. This bare-boned allegation that some other employee's test results "were common knowledge" without any additional facts or context was not enough to establish a policy or practice. It would seem axiomatic that DOT employees knowing about each other's test results, or that such test results "were common knowledge," in no way indicates a DOT policy of publicly releasing or disclosing those test results (the employees themselves could have told a friend about their results and the results spread as rumors and gossip).

In contrast to the facts of *Giaccio*, in the case *sub judice*, Plaintiff has presented detailed facts of at least four other instances in which a female student was abused by a male student at her school, and after the school learned of the abuse, the school took no action to protect the victim, and instead forced the female victim to choose between either remaining at school with her abuser or transferring to a different school. While the four cases whose detailed facts are presented by

5

Plaintiff may differ in the type of assault committed by the male student or students, they are all shockingly similar in the manner in which the unwritten NYCDOE victim transfer policy becomes manifest. These cases newly pled in the FAC as examples demonstrating the victim transfer policy in practice are reinforced by Dean Clarke's statement that offering Plaintiff a school transfer was the only thing he could do "as a matter of policy." Plaintiff has now demonstrated a total of five instances, including hers, where the victim transfer policy was executed by DOE schools *and* a dean of students at Brooklyn Tech stating that taking no action other than offering the victim a transfer *was DOE policy.*

Next, Defendant DOE relies on this district court's ruling in *Joseph v. Doe*, 16-CV-2004 (PKC)(LB), 2017 U.S. Dist. LEXIS 155426, at *12-13 (E.D.N.Y. Sept. 22, 2017). In *Joseph*, the plaintiff alleged *Monell* liability based on an NYPD policy of unlawful home searches. The plaintiff there cited three specific instances of unlawful home searches, as well as 180 cases of unlawful searches as substantiated by the CCRB from 2010 to 2015. *Id.* The plaintiff did not however provide any additional context for those statistics, nor for the individual cases, such that an unofficial policy or practice could be established. *Id*. The plaintiff did not allege how in the context of the tens of thousands of home searches executed by NYPD during those years, the 180 cases were especially significant, or related, or demonstrated a coherent policy or practice. Nor did the plaintiff provide any context for how the three specific cases were related or demonstrated an unofficial custom or policy. The district court thus found that absent any additional context, the facts that NYPD had conducted illegal searches numerous times was not enough to establish an inference of an unofficial policy or practice. *Id.*

Unlike the facts of *Joseph*, Plaintiff here has outlined specifically how as a matter of pattern, practice, policy, or custom, DOE schools have learned of female students being abused by male students, and in response chosen not to protect the female victim, but instead offered the victim the choice between staying in school with her abuser or transferring to a different school.

These are *not* simply instances of a student being offered a school transfer without any context of why the transfer is being offered. These are not instances where male students are being forced to transfer after being simply accused of something. These are specific instances of specific circumstances triggering a specific response against a specific class of students; and, on top of that, a DOE official executing that response, under that set of circumstances, against a member of that class, and specifically stating that he is doing so *as a matter of policy.*

Clearly, and without the benefit of discovery, Plaintiff has pled more than labels and conclusions and a formulaic recitation of the elements of a cause of action under *Monell* liability. *See Twombly*, 550 U.S. at 555. The factual enhancements of the FAC provide far more than mere naked assertions devoid of further factual enhancement. *See Iqbal*, 556 U.S. at 678.

Finally, as noted by NYCDOE in its instant motion, this honorable Court, in its order on the DOE Defendants' prior motion to dismiss, specifically noted that Plaintiff's allegations about other lawsuits were insufficient because "'[t]he existence of other lawsuits against the City alleging similar violations of constitutional rights also does not establish a policy or custom as necessary under *Monell.*'" (Mem. & Order, July 26, 2024, at p. 11 (quoting *Harris v. City of Newburgh*, No. 16-CV-2731 (KMK), 2017 WL 4334141, at *5 (S.D.N.Y. Sept. 7, 2017)).) In *Harris*, the court noted several cases where a mere collection of lawsuits against a city for excessive force or police misconduct was insufficient to demonstrate a policy under *Monell* liability. *See Harris*, 2017 WL 4334141 at *5. Again, by their very nature, these cases are different from the one *sub judice* in meaningful ways. Unlike the instant case, the plaintiffs in those cases merely presented numerous cases of excessive force, which may have manifested in numerous different ways against numerous different persons. They did *not* plead, as here, that under very specific circumstances, a specific actions were applied, in a specific way, against a specific class of persons.

7

Further, in *Harris* the court noted that the five cases cited by the plaintiff over a five-year period were in contrast to the 2,500 arrests per year made by the city during that period (roughly 12,500 arrests), and considered that ratio in finding Plaintiff had failed to show a common practice or custom. *See Id.* Plaintiff *does* concede the possibility that at the summary judgement, after full discovery, the evidence in this case *could* show that in-fact the NYCDOE received hundreds or thousands of complaints of student-on-student sexual abuse over that time period and did not execute the victim transfer policy against most female student-victims, which could tend to undermine Plaintiff's theory. Discovery *could* also however reveal dozens or even hundreds of instances where female student-victims were subjected to the victims transfer policy. Regardless, none of those possible facts matter as we are *not* at summary judgement, we have *not* been through discovery and those facts are *not* before this Court. What *is* before this honorable Court is a well-pled complaint outlining at least five instances of a female student being abused by a male student and in response the NYCDOE taking no action to protect the female student-victim and instead either offering or forcing a transfer of that female student-victim to another school; and, a Dean of Students stating to the Plaintiff that this transfer was the only option for her as a matter of policy.

Plaintiff need not show that ultimate success on the merits is probable in order to withstand a motion to dismiss on her *Monell* claim. *Twombly* at 570. She need only state a claim of relief that is plausible on its face. *Id*. at 564. Plaintiff has met her burden at this notice-pleading stage.

## II. Plaintiff Does Not Contest Defendant's Point II.

Plaintiff is unaware of any law to contest the argument that Defendant City of New York and Defendant New York City Department of Education are separate legal entities. Likewise, Plaintiff is unaware of any law to contradict the argument that as separate legal entities in the instant context, the City of New York is not a proper defendant and cannot be held legally liable for the actions and policies of The New York City Department of Education.

8

# CONCLUSION

The Court has already addressed Plaintiff's Title IX claims in its previous ruling. (ECF 37). Regarding Defendants' arguments as to Plaintiff's Title IX claims, Plaintiff incorporates her previous Title IX arguments herein. Plaintiff's amendments in the FAC only address her § 1983 claims under *Monell* liability, which now provide this Court with ample factual allegation to find that Plaintiff Jane Doe's *Monell* claims against Defendant are sufficiently pled. Any remaining questions regarding the probability of her claims are relevant inquiries for discovery and fact-finding. Therefore, Plaintiff Jane Doe respectfully requests that this court deny Defendant NYCDOE's Motion to Dismiss in its entirety so that further and necessary fact-finding can commence.

Dated: Brooklyn, NY
September 8, 2025

Respectfully submitted,
**C. A. Goldberg PLLC**
*Attorneys for Plaintiff JANE DOE*

By: _____

John Aaron Stark, Esq.
16 Court Street, 33rd Floor
Brooklyn, NY 11241
Phone: 646-666-8908
aaron@cagoldberglaw.com

# CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, **JOHN AARON STARK**, certify as follows: Consistent with Local Civil Rule 7.1(c)'s requirement that, excluding the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, memoranda of law in support of and in response to a motion (except for motions for reconsideration) may not exceed 8,750 words, and reply briefs may not exceed 3,500 words, the number of words in this document, as determined by Microsoft Word's Word Count feature, is 2,918 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:     September 8, 2025
              Brooklyn, New York

                                              _____
                                                        JOHN AARON STARK

# CERTIFICATE OF SERVICE

I certify that on September 8, 2025, in accordance with Hon. Orelia E. Merchant Individual Practice and Rules, I sent a cover letter and the foregoing documents to counsel for Defendants City of New York, David C. Banks, and the New York City Department of Education, via email to the address listed below.

I also certify that on September 8, 2025, I electronically filed only the cover letter in advance of the fully briefed motion.

To: **Hon. Orelia E. Merchant**
Asst. Corp. Counsel David S. Thayer
Attorney for Defendants City of New York,
David C. Banks, and the New York City
Department of Education
100 Church Street
New York, New York 10007
212-356-2649
dthayer@law.nyc.gov

Dated: Brooklyn, NY
September 8, 2025

                                          Respectfully submitted,
                                          **C. A. Goldberg PLLC**
                                          *Attorneys for Plaintiff JANE DOE*

By:       */s/ John Aaron Stark*
            John Aaron Stark, Esq.
            16 Court Street, 33rd Floor
            Brooklyn, NY 11241
            Phone: 646-666-8908
            aaron@cagoldberglaw.com